# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2010

No. 09-40908
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO EDGAR GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1168-3

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raymundo Edgar Gonzalez appeals the sentence imposed following his guilty plea to conspiracy to possess with the intent to distribute more than five kilograms of cocaine and more than 1,000 kilograms of marijuana. Gonzalez argues that the amount of cocaine attributed to him was not reasonably foreseeable as relevant conduct. He also argues that the estimates relating to unseized amounts of cocaine were not proven by a preponderance of the evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review sentences for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 50 (2007). The district court's calculation of the quantity of drugs involved in an offense is a factual determination that we review for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). If a district court's finding is plausible in light of the record as a whole, there is no clear error. *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).

The relevant conduct of a conspiracy includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). For offenses involving controlled substances, the defendant is accountable for all quantities of contraband with which he was directly involved and, "in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." § 1B1.3, comment. (n.2).

Although he objected to the reasonable foreseeability of some of the amounts of cocaine attributed to him, Gonzalez did not raise his argument that the presentence report (PSR) incorrectly reported his "start date" in the conspiracy in the district court. Accordingly, this argument is reviewed for plain error. *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009). However, even subtracting the 12.23 kilograms of cocaine that Gonzalez asserts were incorrectly attributed to him, Gonzalez's offense level would have remained at 38. Accordingly, no plain error is shown. *See id.*

As to the additional amounts of cocaine that Gonzalez claims were unforeseen, the PSR clearly documented Gonzalez's participation in the conspiracy as of September 7, 2007. A district court may adopt the facts contained in the PSR without further inquiry if those facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *United*

2

*States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

Gonzalez also has not shown that the district court erred in determining the amount of unseized cocaine that was attributed to him. Despite some minor inconsistencies between the PSR and the testimony of the Government agent, the PSR had a sufficient indicia of reliability to support its probable accuracy. The district court thus properly relied on the PSR's estimations of the unseized loads. *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006). Further, Gonzalez did not rebut the information contained in the PSR. *See Ollison*, 555 F.3d at 164. Accordingly, his sentence is AFFIRMED.